UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

     v.                                                         5:16-CR-143 (FJS)

DANIEL CARROLL,
                        Defendant.
_____

TAMARA THOMSON, Ass't U.S. Attorney
RANDI JUDA BIANCO, Ass't Fed. Public Defender, for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

**REPORT-RECOMMENDATION**

Pursuant to Northern District of New York Local Criminal Rule 58.1(a)(2)(K) and 28 U.S.C. § 636(b)(3), this court recommends, for the following reasons, that Hon. Frederick J. Scullin, Jr., Senior U.S. District Judge, find that the defendant is currently **not** competent to stand trial and order that the defendant remain hospitalized for further treatment in a suitable facility to determine whether there is a substantial probability that he will regain competency in the foreseeable future, under 18 U.S.C. § 4241(d).

**I.    Background**

On April 27, 2016, defendant Daniel Carroll was indicted for bank robbery, in violation of 18 U.S.C. § 2113(a). (Dkt. No. 7). By letter dated May 5, 2016, defense counsel expressed "great concerns about [defendant's] competency to proceed forward on this matter" and requested that he be referred for examination to determine whether

he was competent to stand trial. (Dkt. No. 12). The government interposed no objection to the application of defense counsel. (Dkt. No. 13). On May 16, 2016, Judge Scullin referred the matter to me (Dkt. No. 14), and on May 27, 2016, this court conducted a proceeding to address defense counsel's application. On the same date, with the consent of both parties, and after observing defendant in open court, I entered an order committing defendant for a 30-day psychiatric or psychological examination pursuant 18 U.S.C. §§ 4241(a) and 4247(b) to determine his competency. (Dkt. No. 15).

On July 7, 2016, the defendant arrived at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri ("USMC Springfield"), and was evaluated and treated through August 5, 2016. A report regarding the psychological evaluation of the defendant was completed on August 15, 2016, and was received by the court, and filed under seal, on or about August 29th. (Dkt. No. 19). Forensic Psychologist Lea Ann Preston Baecht, Ph. D., ABPP, opined that defendant was currently not competent to proceed in the pending criminal action and recommended, in light of defendant's willingness to continue treatment, that he be allowed to remain in treatment at USMC Springfield pending a competency hearing. (8/15/2016 Report at p. 7).

On September 9, 2016, this court conducted a competency hearing, at which defendant, with defense counsel's consent, appeared by video from USMC Springfield. The parties agreed that the opinion of Dr. Baecht could be presented through her written report, and waived their right to examine Dr. Baecht. Having had an opportunity to consult privately, by video, with her client, defense counsel agreed that

defendant was not currently competent to proceed and consented to his continuing treatment at USMC Springfield. The government had no objection to that course of action, and the court advised that I would recommend that Judge Scullin find the defendant **not** competent, and order that he remain at USMC Springfield for further examination and treatment to determine whether he could regain competency, pursuant to 18 U.S.C. § 4241(d). Based on the consensus that defendant was not currently competent and needed further treatment, both parties agreed to waive their right to have fourteen days within which to object to my Report-Recommendation.

## II.   Applicable Legal Standards

The question presented here is whether the defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. . . ." 18 U.S.C. § 4241(d). A defendant's incompetence must be established by a preponderance of the evidence. *Id*.; *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998). The issue of competence focuses on whether a defendant possesses "(1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)).

In determining competence, the court may consider a number of factors, including medical opinions, the court's observations of a defendant in court, and observations of a defendant by others in unguarded moments. *United States v. Hemsi*,

3

901 F.2d 293, 295-96 (2d Cir. 1990); *United States v. Villegas*, 899 F.2d 1324, 1341-43 (2d Cir. 1989). The court's determination of competence will be reversed only if clearly erroneous. *Nichols*, 56 F.3d at 411. If the court finds that a defendant is not currently competent, the judge shall commit the defendant to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d).

## III. Analysis

Forensic Psychologist Lea Ann Preston Baecht, Ph. D., ABPP, issued a comprehensive report regarding the 30-day period of evaluation and treatment of the defendant by the USMC Springfield mental health staff. (Dkt. No. 19). Dr. Baecht concluded that Daniel Carroll, "[a]t the present time, . . . meets the diagnostic criteria for Schizophrenia, a severe mental illness. Consistent with this diagnosis, he describes experiencing auditory hallucinations and displays prominent paranoid delusional ideation." (8/15/2016 Report at 5). Dr. Baecht expressed the opinion that the defendant was **not** currently competent to proceed to trial, stating:

> Although he has a factual understanding of the nature of the charge against him, he does not appear to have a rational appreciation of the potential consequences of the proceedings against him. More specifically, he appears to believe that the case revolves around others wanting to obtain his soul. Additionally, . . . his current delusional ideation and disorganized thinking significantly hinders his ability to communicate meaningfully and make well-reasoned decisions. Consequently, he does not appear capable at present of assisting properly in his

4

own defense.

(8/15/2016 Report at 7). In recommending that defendant receive further treatment at USMC Springfield, Dr. Baecht noted:

> . . . Schizophrenia[] is typically amenable to treatment with anti-psychotic medication, and he is currently taking medication voluntarily. Although successful competency restoration cannot be guaranteed, it is substantially likely that he will be restored to competency in the foreseeable future with additional mental health treatment. Given his current willingness to participate in treatment on a voluntary basis and the chance of his treatment being interrupted or him decompensating during travel, it is respectfully requested that he remain at this facility at the present time as opposed to returning to the Northern District of New York.

(8/15/2016 Report at 7).

Dr. Baecht's report establishes, by a preponderance of the evidence, that the defendant does not appear to have a rational appreciation of the potential consequences of the proceedings against him and is not presently capable of assisting properly in his own defense. Dr. Baecht's report also supports a finding that, with additional treatment, it is likely the defendant will be restored to competency. The court's brief observation of the defendant, by video, during the hearing, suggests that his mental health has significantly improved since he began treatment at USMC Springfield, but did not contradict Dr. Baecht's conclusion that plaintiff requires further treatment before he can rationally understand the proceedings against him and competently assist counsel in his defense. By consenting to a continued period of treatment of defendant after meeting privately with him, defense counsel apparently agrees with the court's conclusion.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED**, that defendant be found **not competent** to stand trial, and it is further

**RECOMMENDED**, that the District Judge find that the defendant is not competent, and order that the defendant be entrusted to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), for hospitalization for treatment in a suitable facility (preferably by continued treatment at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri) for a duration not to exceed four months to determine whether there is a substantial probability that in the foreseeable future, defendant will attain the capacity to permit the proceedings to go forward; and that at the end of that time, the Attorney General return the defendant to the custody of the United States Marshal, who will then bring the defendant back before the court for re-examination of his competency pursuant to the statute, and it is

**ORDERED**, that due to the sensitive nature of the information contained in the reports of the treating forensic psychologist, the report of Dr. Baecht (Dkt. No. 19) remain under seal, and it is further

**ORDERED**, that all the time associated with the competency examination and treatment be excluded for purposes of any Speedy Trial Act computation in this matter, pursuant to 18 U.S.C. § 3161(h)(1)(A), and it is further

**ORDERED,** that the Clerk coordinate with the United States Marshal to serve defendant with this Order and Report-Recommendation by delivering a copy to defendant **personally** and to also serve the warden at U.S. Medical Center for Federal

6

Prisoners in Springfield, Missouri.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. The parties having knowingly and voluntarily waived that right on the record, the Clerk is directed to immediately deliver this Report and Recommendation to the Honorable Frederick J. Scullin, Jr., for his consideration without the normal waiting period of fourteen days.

Dated: September 9, 2016

*Andrew T. Baxter*
Hon. Andrew T. Baxter
U.S. Magistrate Judge