UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

      v.                                                               5:16-CR-143 (FJS)

DANIEL CARROLL,
                          Defendant.
_____

TAMARA THOMSON, Ass't U.S. Attorney
RANDI JUDA BIANCO, Ass't Fed. Public Defender, for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

**REPORT-RECOMMENDATION AND ORDER**

Pursuant to Northern District of New York Local Criminal Rule 58.1(a)(2)(K) and 28 U.S.C. § 636(b)(3), this court recommends, for the following reasons, that Hon. Frederick J. Scullin, Jr., Senior U.S. District Judge, find that the defendant, after a period of mental health treatment, is currently competent to stand trial, and order that pretrial proceedings resume.

**I.    Background**

On April 27, 2016, defendant Daniel Carroll was indicted for bank robbery, in violation of 18 U.S.C. § 2113(a). (Dkt. No. 7). By letter dated May 5, 2016, defense counsel expressed "great concerns about [defendant's] competency to proceed forward on this matter" and requested that he be referred for examination to determine whether he was competent to stand trial. (Dkt. No. 12). The government interposed no objection to the application of defense counsel. (Dkt. No. 13). On May 16, 2016,

Judge Scullin referred the matter to me (Dkt. No. 14), and on May 27, 2016, this court conducted a proceeding to address defense counsel's application. On the same date, with the consent of both parties, and after observing defendant in open court, I entered an order committing defendant for a 30-day psychiatric or psychological examination pursuant 18 U.S.C. §§ 4241(a) and 4247(b) to determine his competency. (Dkt. No. 15).

On July 7, 2016, the defendant arrived at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri ("USMC Springfield"), and was evaluated and treated through August 5, 2016. A report regarding the psychological evaluation of the defendant was completed on August 15, 2016, and was received by the court, and filed under seal, on or about August 29th. (Dkt. No. 19). Forensic Psychologist Lea Ann Preston Baecht, Ph. D., ABPP, opined that defendant was currently not competent to proceed in the pending criminal action and recommended, in light of defendant's willingness to continue treatment, that he be allowed to remain in treatment at USMC Springfield pending a competency hearing. (8/15/2016 Report at p. 7).

On September 9, 2016, this court conducted a competency hearing, at which defendant, with defense counsel's consent, appeared by video from USMC Springfield. The parties agreed that the opinion of Dr. Baecht could be presented through her written report, and waived their right to examine Dr. Baecht. Having had an opportunity to consult privately, by video, with her client, defense counsel agreed that defendant was not currently competent to proceed and consented to his continuing treatment at USMC Springfield. The government had no objection to that course of

action.

On September 9th, I filed a Report-Recommendation that Judge Scullin find the defendant **not** competent, and order that he remain at USMC Springfield for further examination and treatment to determine whether he could regain competency, pursuant to 18 U.S.C. § 4241(d). (Dkt. No. 20). Based on the consensus that defendant was not currently competent and needed further treatment, both parties agreed to waive their right to have fourteen days within which to object to my Report-Recommendation. Judge Scullin adopted my Report-Recommendation on September 12, 2016 and ordered that defendant be entrusted to the custody of the United States Attorney General, pursuant to 18 U.S.C. § 4241(d), for hospitalization for treatment in a suitable facility, preferably by continued treatment at the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, for a duration not to exceed four months to determine whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit these proceedings to go forward. (Dkt. No. 21).

On December 5, 2016, the court received a sealed Certificate of Competency and Forensic Report as to Daniel Carroll from Linda Sanders, Warden of USMC Springfield. (Dkt. No. 26). For reasons stated in a Forensic Report dated November 15, 2016, Lea Ann Preston Baecht, Ph. D., ABPP, opined that, after a course of treatment and medication, defendant was currently competent to proceed in this criminal case. (11/15/2016 Report at 7, Dkt. No. 26). Dr. Baecht also recommended that defendant's "legal proceedings be expedited if possible in order to reduce the

3

opportunity for him to become noncompliant with his medication regimen and decompensate." (*Id.*).

On December 15, 2016, this court conducted a follow-up competency hearing, at which defendant appeared in person. The parties agreed that the opinion of Dr. Baecht could be presented through her November 15th report, and waived their right to examine Dr. Baecht. Having had an opportunity to consult privately with her client, defense counsel agreed that defendant appeared, as a result of treatment and medication, to now be competent to understand and assist counsel in connection with the pretrial proceedings and any trial in this case. The government had no objection to a finding that defendant was now competent to proceed. Based on the consensus that defendant was currently competent, both parties agreed to waive their right to have fourteen days within which to object to a Report-Recommendation by this court that defendant be found competent by Judge Scullin.

## II. Applicable Legal Standards

The question presented here is whether the defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. . . ." 18 U.S.C. § 4241(d). A defendant's incompetence must be established by a preponderance of the evidence. *Id.*; *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir. 1998). The issue of competence focuses on whether a defendant possesses "(1) 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and (2) 'a rational as well

4

as factual understanding of the proceedings against him.'" *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)).

In determining competence, the court may consider a number of factors, including medical opinions, the court's observations of a defendant in court, and observations of a defendant by others in unguarded moments. *United States v. Hemsi*, 901 F.2d 293, 295-96 (2d Cir. 1990); *United States v. Villegas*, 899 F.2d 1324, 1341-43 (2d Cir. 1989). The court's determination of competence will be reversed only if clearly erroneous. *Nichols*, 56 F.3d at 411. If the court finds that a defendant is not currently competent, the judge shall commit the defendant to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d).

### III. Analysis

Forensic Psychologist Lea Ann Preston Baecht, Ph. D., ABPP, issued a comprehensive report regarding the period of evaluation and treatment of the defendant by the USMC Springfield mental health staff, from July 7 to November 15, 2016. (Dkt. No. 26 at 3-10). Dr. Baecht concluded, for reasons stated in her report:

> [I]t is my opinion that Mr. Carroll is currently competent to proceed. His mental illness, Schizophrenia, is currently well-controlled with psychiatric medication and does not appear to hinder his competency-related abilities. He

5

> currently displays a factual and rational understanding of the nature and potential consequences of the proceedings against him. He also displays the ability to assist in his own defense. More specifically, he is able to communicate meaningfully, ask relevant questions, attend to the proceedings, and make well-reasoned decisions.

(11/15/2016 Report at 7).

Dr. Baecht's report establishes, by a preponderance of the evidence, that the defendant appears to have a rational appreciation of the potential consequences of the proceedings against him and is presently capable of assisting properly in his own defense. The court's brief observation and questioning of the defendant, during the December 15th hearing, suggests that his mental health has substantially improved since he began treatment at USMC Springfield, and supports Dr. Baecht's conclusion that plaintiff can rationally understand the proceedings against him and competently assist counsel in his defense. After meeting with defendant, defense counsel apparently agrees with the conclusion of Dr. Beacht and the court.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED**, that defendant be found **competent** to stand trial and that pretrial proceedings in this case resume before Judge Scullin, in an expedited fashion, to the extent possible, and it is further

**ORDERED**, that the Certificate of Competency of Warden Sanders (Dkt. No. 26 at 2) may be unsealed; but that, due to the sensitive nature of the information contained in the reports of the treating forensic psychologist, the November 15, 2016

Forensic Report of Dr. Baecht (Dkt. No. 26 at 3-10) remain under seal,[1] and it is further

**ORDERED**, that all the time associated with the competency examination and treatment of defendant, through the date of Judge Scullin's decision with respect to this Report-Recommendation, be excluded for purposes of any Speedy Trial Act computation in this matter, pursuant to 18 U.S.C. § 3161(h)(1)(A).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. The parties having knowingly and voluntarily waived that right on the record, the Clerk is directed to immediately deliver this Report and Recommendation to the Honorable Frederick J. Scullin, Jr., for his consideration without the normal waiting period of fourteen days.

Dated: December 15, 2016

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[1] The sealed Forensic Report was disclosed by the court to counsel for both sides. With defendant's consent, the court ordered the Forensic Report unsealed for the limited purpose of disclosing it to the U.S. Marshal and the facility where defendant is being confined to confirm defendant's continuing need for medications prescribed by USMC Springfield.